IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN A. WEBER,

       Plaintiff,

v.                                                    Civ. No. 04-629 JP/RHS

JOE G. MALOOF AND COMPANY;
HARVEY LEYVA

       Defendants.

## **MEMORANDUM OPINION AND ORDER**

On June 4, 2004, Plaintiff John Weber sued his former employer, Joe G. Maloof and Company, and his former manager, Harvey Leyva, under Title VII alleging discrimination based on his race and religion. (Am. Compl. ¶¶ 20-31.) These claims are based on alleged discrete acts and an alleged hostile work environment going back to 1998. (Id. at 2-4.)

On April 12, 2005, Defendants filed a Motion in Limine Regarding Time-Barred Incidents as a Basis for Title VII Claims (Doc. No. 29). Defendants assert that all incidents alleged in support of Title VII claims and occurring on or before April 10, 2003 are time-barred for failure to comply with the 300-day time limit required by 42 U.S.C. § 2000e-5(e)(1). (Defs.' Mot. at 1.) Additionally, Defendants assert the defense of laches in response to the claim based on pre-April 10, 2003 incidents. (Id. at 3.) Plaintiff contends that all incidents, whether pre- or post-April 10, 2003, are admissible as background evidence in support of his discrete act claims of discrimination. (Pl.'s Resp. at 2.) In addition, Plaintiff contends that all incidents, pre- or post-April 10, 2003 constituting the hostile work environment claim are admissible for the purposes of

1

determining damages. (Id. at 3.) Plaintiff does not address Defendants' laches defense.

After a thorough review of the briefs and the applicable law, I conclude that all pre-April 10, 2003 incidents used in support of Plaintiff's discrete act claims may only be used as background evidence. Furthermore, all pre-April 10, 2003 incidents presented in support of Plaintiff's hostile work environment claim are actionable, provided that they relate to at least one hostile work environment incident that occurred post-April 10, 2003.

## I. STANDARD OF REVIEW FOR MOTION IN LIMINE

The district court is granted broad discretion in determining the admissibility of evidence. *United States v. Lawless,* No. 97-2281, 1998 U.S. App. LEXIS 16200, at *9 (10th Cir. July 15, 1998). Generally, a district court's ruling on a motion in limine is reviewed for abuse of that discretion. *See United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1164 (10th Cir. 1999). The appellate court will not interfere with the district court's ruling unless there exists "a definite and firm conviction" that the district court made an erroneous judgment or "exceeded the bounds of permissible choice in the circumstances." *Lawless,* 1998 U.S. App. LEXIS 16200, at *9. Moreover, the appellate court will not reverse unless the complaining party's substantial rights have been affected. *Gardetto v. Mason,* No. 98-8025, 1999 U.S. App. LEXIS 32586, at *10 (10th Cir. Dec. 14, 1999).

## II. DISCUSSION

### A. Statutory Time Limit

In an employment discrimination case in "which the person aggrieved has initially instituted proceedings with a State or local agency. . . such charge shall be filed. . . within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-

determining damages. (Id. at 3.) Plaintiff does not address Defendants' laches defense.

After a thorough review of the briefs and the applicable law, I conclude that all pre-April 10, 2003 incidents used in support of Plaintiff's discrete act claims may only be used as background evidence. Furthermore, all pre-April 10, 2003 incidents presented in support of Plaintiff's hostile work environment claim are actionable, provided that they relate to at least one hostile work environment incident that occurred post-April 10, 2003.

## I. STANDARD OF REVIEW FOR MOTION IN LIMINE

The district court is granted broad discretion in determining the admissibility of evidence. *United States v. Lawless,* No. 97-2281, 1998 U.S. App. LEXIS 16200, at *9 (10th Cir. July 15, 1998). Generally, a district court's ruling on a motion in limine is reviewed for abuse of that discretion. *See United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1164 (10th Cir. 1999). The appellate court will not interfere with the district court's ruling unless there exists "a definite and firm conviction" that the district court made an erroneous judgment or "exceeded the bounds of permissible choice in the circumstances." *Lawless,* 1998 U.S. App. LEXIS 16200, at *9. Moreover, the appellate court will not reverse unless the complaining party's substantial rights have been affected. *Gardetto v. Mason,* No. 98-8025, 1999 U.S. App. LEXIS 32586, at *10 (10th Cir. Dec. 14, 1999).

## II. DISCUSSION

### A. Statutory Time Limit

In an employment discrimination case in "which the person aggrieved has initially instituted proceedings with a State or local agency. . . such charge shall be filed. . . within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-

5(e)(1). In interpreting the statute, the United States Supreme Court and the Tenth Circuit Court of Appeals have held that under both discrete act and hostile work environment theories of discrimination, evidence of events not within the statute's time period is admissible as background evidence. *See National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002); *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). However, only under a hostile work environment claim may Plaintiff recover on incidents that occurred outside the 300-day time limit. *Morgan,* 536 U.S. at 117, 119; *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1308 (10th Cir. 2005).

### 1. Discrete Acts

Discrete incidents are separate actionable acts of "unlawful employment practice," such as termination, failure to promote, denial of transfer, or refusal to hire. *Morgan,* 536 U.S. at 113-114 (2002). Discrete incidents that occur within the statutory time period do not make timely those acts that occur outside the 300-day time period. *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558 (1977). Each discrete discriminatory incident is independent of other incidents and each "starts a new clock for filing charges alleging that act." *Morgan,* 536 U.S. at 113. Each charge must be filed within 300 days of when the discrete incident occurred. *Id.* However, regardless of when the discrete incident occurred, the statute does not bar an employee from using the prior acts as background evidence in support of a timely claim. *Id.*

Therefore, Plaintiff will not be precluded from offering proof of discrete incidents that occurred before April 10, 2003 as background evidence in support of his timely claims. However, discrete incidents occurring before that statutory cutoff are not actionable claims, and Plaintiff may not recover damages based on them under a discrete acts theory.

### 2. Hostile Work Environment

In contrast to a discrete acts claim, a hostile work environment claim involves repeated conduct. *Id.* at 115. The hostile work environment claim occurs over a series of days or perhaps years and, unlike a discrete acts claim, a single act of harassment may not be actionable on its own. *See Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993). In determining whether Plaintiff presents an actionable hostile work environment claim, the court is to look to the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Morgan,* 536 U.S. at 116 (quoting *Harris* 510 U.S. at 23). Collectively, the series of separate acts constitutes one "unlawful employment practice." *Id.* at 117. Therefore, it does not matter that some of the incidents of the hostile work environment claim fall outside the statutory time period, so long as one act contributing to the claim occurs within the filing period. *Id.* If there is some relation between the acts outside the statutory time period and the acts within the statutory period, the employer may be liable for all acts that are part of the single claim. *Id.* at 117, 119.

Here, as to Plaintiff's hostile work environment claim, the Court may instruct the jury to consider pre-April 10, 2003 incidents in awarding damages if there is some relation between the pre-April 10, 2003 incidents and at least one post-April 10, 2003 incident.

### B. Defense of Laches

An employer may raise a laches defense in a discrimination case if the plaintiff unreasonably delays in filing suit and harm to the defendant results. *Morgan,* 536 U.S. at 121. "In such cases, the federal courts have the discretionary power 'to locate a just result in light of

4

the circumstances peculiar to the case.'" *Id.* (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424-425 (1975)). The defense will be applied only where the enforcement of the right asserted will work injustice. *Shell v. Strong,* 151 F.2d 909, 911 (10th Cir. 1945). To maintain a valid laches defense, there must be proof of "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Kansas v. Colorado,* 514 U.S. 673, 687 (1995).

### 1. Lack of Diligence

To meet the lack of diligence standard, the defendant employer must demonstrate the plaintiff was aware of the discrimination, the extent of the discrimination, or the impact or potential impact of discrimination. *See Id.* at 688-689. Further, the court will look to the length of the delay and the plaintiff's reasons for delay. *Subryan v. Regents of University of Colorado,* 813 F. Supp. 753, 756 (D. Colo. 1993).

Here, it is possible that Defendants will be able to show a lack of diligence on the part of Plaintiff with respect to the 1998 and undated incidents referred to in the Amended Complaint. The delay appears to be lengthy and Plaintiff has failed to indicate reasons for the delay. However, Defendants also have the burden of demonstrating that prejudice occurred as a result of the delay in bringing a claim. *See Kansas,* 514 U.S. at 687.

### 2. Prejudice to Party Asserting the Defense of Laches

In determining whether a party was prejudiced, there must be a demonstrable inequity founded upon some change in the condition or relations of the parties. *See Strong,* 151 F.2d at 911; *Subryan*, 813 F. Supp. at 756. "Lapse of time alone does not constitute laches," and the party asserting the defense must show that injury, prejudice, or disadvantage has resulted. *Id.*

Whether injury has resulted depends on the facts and circumstances of each case. *Socony Mobil Oil Co. v. Continental Oil Co.,* 335 F.2d 438, 441 (10th Cir. 1964).

At this point, Defendants have not established the second element of the defense of laches. Defendants' Motion in Limine fails to assert any specific injury, prejudice, or disadvantage that will result because of the delay. Defendants presented nothing other than the statement "prejudice will result" (Defs.' Mot. in Limine ¶ 10). Consistent with *Strong,* the "long and inexcusable delay" as asserted by Defendants in their motion is not enough, standing alone, to constitute laches. The Court lacks sufficient information to decide whether the defense of laches should be presented to a jury. Although the Court cannot at this juncture rule out pre-April 10, 2003 evidence of discriminatory incidents under the theory of laches, this does not preclude Defendants from pursuing that defense if they can provide admissible evidence of prejudice.

IT IS ORDERED that with respect to Defendants' Motion in Limine (Doc. No. 29):

(1)   Discrete incidents occurring on or before April 10, 2003 are not actionable and Plaintiff may not recover damages based on them and they may only be used as background evidence; and

(2)   Under Plaintiff's hostile work environment claim, Plaintiff may recover damages based on incidents occurring on or before April 10, 2003 as long as they have some relation to at least one incident that occurred after April 10, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE