IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN A. WEBER,

      Plaintiff,

v.                                                    Civ. No. 04-629 JP/RHS

JOE G. MALOOF AND COMPANY;
HARVEY LEYVA

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      Plaintiff John Weber sued Defendants Joe G. Maloof and Company and Harvey Leyva, alleging discrimination in violation of Title VII. On May 4, 2005, Defendants filed Defendants' 56(b) Motion for Summary Judgment as to Lost Wages Calculations (Doc. No. 41). After a careful review of the law, the briefs, and the exhibits, I conclude that Defendants' motion should be denied at this time. However, Defendants may renew their argument after all evidence bearing on the issue of damages is presented at the trial.

**I. FACTS**

      On June 4, 2004, Plaintiff John Weber, a delivery driver, sued his former employer, Joe G. Maloof and Company, and his former manager, Harvey Leyva, under Title VII alleging discrimination based on his race and religion. (Am. Compl. ¶¶ 20-31.) Plaintiff seeks lost wages along with other damages. (Defs.' Mot. Ex. 1 at ¶ C1.)

      Beginning July 13, 2003, Plaintiff's pay rate was $9.00 per hour plus commission (Id. at Ex. 2) and Plaintiff continued to receive the hourly-plus-commission pay rate before he began

1

receiving worker's compensation benefits in late-November to early-December 2003. (Pl.'s Resp. Ex. 1; Defs.' Mot. Ex. 3 at ¶ 3.) According to Defendants, the hourly-plus-commission pay rate terminated on December 28, 2003 when Defendant Maloof and Company changed its wage policy to a flat rate of $125.00 per day. (Defs.' Mot. Ex. 3 at ¶ 7.) Plaintiff never agreed to the change, and he did not sign the action form that purported to change his wage to $125.00 per day. (Pl.'s Resp. Ex. 4.) Rather, a supervisor for Defendant Maloof and Company signed the Plaintiff's name in the section of the form in which Plaintiff was to sign without Plaintiff's permission. (Id.) At the time of the purported change in pay rate, Plaintiff continued to receive worker's compensation benefits (Id.) and he subsequently resigned from Defendant Maloof and Company on January 22, 2004. (Defs.' Mot. Ex. 3 at ¶ 7.) There is no other evidence in the record that indicates which pay rate Plaintiff was receiving or would have received after the purported pay rate change on December 28, 2003 up to the date of his resignation on January 22, 2004.

## II. STANDARD OF REVIEW FOR PARTIAL SUMMARY JUDGMENT

I infer that Defendants' motion for summary judgment is a motion for partial summary judgment as to the specific issue of lost wages calculations. Federal Rule of Civil Procedure 56(d), which applies to cases not fully adjudicated on a motion, provides that in ruling on summary judgment, the court may:

> make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

A partial summary judgment order is generally interlocutory and imposes a duty, if practicable, to articulate those facts established and those that remain controverted. *See Wagoner v. Wagoner,*

938 F.2d 1120, 1122 (10th Cir. 1991); *Anixter v. Home-Stake Prod. Co.,* 977 F.2d 1533, 1548 (10th Cir. 1992).  In addition, because a partial summary judgment order entered according to Rule 56(d) is not a final order, a court may revise the order later in the litigation if good cause is shown.  *Id.* (noting that a partial grant of summary judgment is not a final order and may be revised at any time before final judgment is entered on all of the claims).

In making a partial summary judgment ruling establishing facts, courts apply the normal summary judgment standard.  MOORE'S FEDERAL PRACTICE § 56.40[2] (3d edition, 2005). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  When applying this standard, the court is to examine the record evidence and reasonable inferences therefrom in the light most favorable to the non-moving party.  *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1991).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact.  *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991).  The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings.  *Id.*  To withstand a motion for summary judgment, the non-movant must make specific reference to evidence in the record. *Gross v. Burggraf Const. Co.,* 53 F.3d 1531, 1546 (10th Cir. 1995); D.N.M. LR-Civ 56.1(b). Unsubstantiated allegations, no matter how true they might be, cannot be considered.  *Gross,* 53 F.3d at 1546.

**III. DISCUSSION**

In their reply brief (Doc. No. 50 at 1), Defendants acknowledge that they seek summary judgment only on the issue of whether Plaintiff is entitled to lost wages based on an hourly rate plus commission. It may be construed from Plaintiff's "Computation of Categories of Damages" that "lost wages" pertains to the potential equitable relief of back pay and front pay.[1] (See Defs.' Mot. Ex. 1 at ¶ C1.) A district court's decision to award back or front pay under Title VII is an equitable one. *See* 42 U.S.C. § 2000e-5(g)(1) (Relief "may include . . . back pay . . . or any other equitable relief as the court deems appropriate . . . ."); *Bartee v. Michelin N. Am., Inc.*, 374 F.3d 906, 910 (10th Cir. 2004). In awarding back or front pay the court has broad discretion and the purpose is to restore the plaintiff "to the position that [he] would have likely enjoyed had it not been for the discrimination." *Id.* at 911 (quoting *Dilley v. SuperValu, Inc.,* 296 F.3d 958, 967 (10th Cir. 2002)).

Defendants have failed to provide sufficient evidence that the pay rate Plaintiff would have received had he returned to work for Defendant Maloof and Company was the asserted $125.00 per day. In support of their contention, Defendants set forth the affidavit of Human Resources Director for Defendant, Laura Schweback. (Defs.' Mot. Ex. 3.) In the affidavit, Human Resources Director Schweback states that "effective December 28, 2003, [Plaintiff] was earning a flat rate of $125.00 per day and was entitled to no other compensation . . . and this wage was in effect at the time he resigned from the company . . . ." (Id. at ¶ 7.) Consistent with *Bartee*,

---

[1] The "lost wages" computation takes Plaintiff's pay rate at his current place of employment and subtracts it from his pay rate while employed at Defendant Maloof and Company. Plaintiff utilizes this computation to indicate the total difference in wages (i.e., his loss) per year he is entitled to receive for the remainder of his work life (Defs.' Mot. Ex. 1 ¶ C1), which is front pay.

4

Defendants are correct in their assertion that the pay rate used in calculating "lost wages" is that which Plaintiff would have received had it not been for the alleged discrimination. (See Defs.' Mem. at 3.) In addition, it is possible that Plaintiff would have received a flat rate of $125.00 per day had he continued to work for Defendant Maloof and Company.

However, it can be reasonably inferred that Human Resources Director Schweback relied on the forged action form in contending that Plaintiff would have received $125.00 per day had he continued. Plaintiff supports this proposition by offering the deposition of Human Resources Director Schweback. (Pl.'s Resp. at Ex. 4.) When asked whether Plaintiff would have been receiving a pay rate of $125.00 per day if he had continued with Defendant, Human Resources Director Schweback answered "[c]orrect." (Id.) Further, when asked if that statement is based on the action form effective December 28, 2003, Human Resources Director Schweback answered "[y]es." (Id.) She also stated that Plaintiff "did not" sign the action form, "and so the supervisor filled out the form" for Plaintiff. (Id.)

Defendants concede that the action form purporting to change Plaintiff's pay rate on December 28, 2003 contained Plaintiff's forged signature. (Defs.' Reply Ex. A.). However, Defendants contend that regardless of the forged action form, Plaintiff would not have received an hourly-plus-commission pay rate had he returned to work for Defendant Maloof and Company. (Defs.' Reply at 2.) Despite Defendants' assertion, Defendants have failed at this point to introduce clear, sufficient evidence supporting this assertion. Furthermore, the record indicates that Plaintiff had to sign the action form for the pay rate to take effect. A manager for Defendant Maloof and Company signed the form for Plaintiff instead because Plaintiff was not present at the company (Defs.' Reply Ex. A), and according to Defendants, this action form changed Plaintiff's

pay rate to $125.00 per day (Defs.' Mot. ¶ 3; Ex. 3 ¶¶ 2-4).  Human Resources Director Schweback acknowledged that other employees themselves "signed similar documents providing for payment of a fixed daily rate, and prohibiting payment of commissions and overtime."  (Defs.' Mot. Ex. 3 ¶ 4.)

Defendants have not provided sufficient evidence to meet their burden of proof to establish that there is no genuine issue of material fact.  Conversely, Plaintiff has met his burden of demonstrating that there is a genuine issue of material fact as to which pay rate Plaintiff would have received had he returned to work for Defendant Maloof and Company.

IT IS ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 41) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE